## BRIDGES *vs.* BANKS.

Where a claim case was tried involving two levies under different *fi. fas.* in favor of the same plaintiff, and the court, on an agreed statement of facts, held one of the *fi. fas.* operative against the property claimed, and the other not, and the claimant tendered a bill of exceptions alleging error in the decision as to the former *fi. fa.*, which bill of exceptions was duly signed and certified; and then, upon the page next after the judge's certificate, the plaintiff excepted to the decision as to the other *fi. fa.*, and prayed " that the same may be certified as required by law, that the errors complained of may be corrected," but no certificate by the judge was added, and nothing appeared to show that the judge ever saw the plaintiff's exceptions, or knew that they were taken, the plaintiff's so-called bill of exceptions cannot be considered in the supreme court, but the review by this court will be confined to the rulings excepted to by the claimant. And, on the call of the case, if the claimant (the true and only plaintiff in error) declines to proceed for the purpose of obtaining a reversal, and at the same time declines to withdraw the writ of error, the court will dismiss it.

Practice in the Supreme Court. Cross-bill of exceptions. February Term, 1878.

Report unnecessary.

SPEER & STEWART; J. E. STALLINGS; H. C. PEEPLES, for plaintiff in error.

R. T. DORSEY; FERRELL & LONGLEY, for defendant.

BLECKLEY, Justice.

The facts on which the rulings of the court are based

are sufficiently indicated in the head-note. There is but one writ of error, and that does not embrace or cover the exceptions superadded by the plaintiff in *fi. fa.* That the judge ever saw these exceptions, or knew that they were, or would be, appended to his certificate, does not appear, and is not to be presumed. What the bill of exceptions proper sets forth might be quite enough to enable this court to deal with the errors alleged by the claimant, and at the same time be altogether insufficient for an adjudication upon those of which the plaintiff in *fi. fa.* complains. Both parties may join in a writ of error, but when they do so, the judge's certificate should show, if not expressly, at least by its relative position on the paper, that it applies to each set of errors assigned. The claimant's counsel standing mute as it were, declining either to withdraw the writ of error or to proceed for a reversal, the writ of error is dismissed, and both parties are out of court.

Dismissed.